UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KATHERINE HICKS,

    Plaintiff,

v.                                                    Case No. 5:14cv108/RS/CJK

NICOLE ENGLISH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's motion for preliminary injunction (doc. 3). Plaintiff requests the court issue a preliminary injunction allowing her telephone and e-mail contact with her father, who is incarcerated. (*Id.*) Plaintiff also requests visitation rights. (*Id.*). Motions to dismiss from both plaintiff and defendant are currently pending before the court. (Docs. 12, 13). In both motions, the parties indicate plaintiff can now telephone and visit her father. (Docs. 12, 13). Email contact, however, is still prohibited. (Doc. 12-2).

    Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on

the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct at issue in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). This also necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action. *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995). Plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely

conjectural or hypothetical threat of future injury.").

Here, plaintiff's motion for injunctive relief is largely moot. Plaintiff is now allowed to telephone and visit her father. (Doc. 12). With respect to plaintiff's request for email contact with her father, she has not demonstrated she will suffer irreparable injury if the preliminary injunction is not granted, nor can she show, or even colorably argue, that an injunction would preserve the status quo. Plaintiff has several alternative means of communicating with her father. Plaintiff has always been able to send mail to her father (doc. 12-1, p. 10) and can now telephone and visit him (docs. 12-2, 13).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's "Motion for Preliminary Injunction" (doc. 3) be DENIED.

At Pensacola, Florida this 27th day of February, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).